# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALKER LP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-485-BAJ-RLB** |
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON** | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Compel. (R. Doc. 22). The motion is opposed. (R. Doc. 25). Plaintiff filed a Reply. (R. Doc. 28).

## I.    Background

On July 18, 2022, Walker LP d/b/a Country Village Apartments ("Plaintiff" or "Walker LP") commenced this action against Certain Underwriters at Lloyds, London ("Defendant") to obtain recovery for breach of contract and statutory bad faith damages with respect to an insured commercial property located at 12155 Burgess Avenue, Walker, Louisiana (the "Property") that was damaged by Hurricane Ida. (R. Doc. 1). Plaintiff alleges that after it made an immediate claim under the relevant policy, a third-party adjuster conducted an inspection, returning "an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs." (R. Doc. 1 at 4). Plaintiff also alleges it suffered "substantial loss of business income and extra expenses" covered under the Policy. (R. Doc. 1 at 4). Plaintiff alleges that Defendant "unfairly and improperly persisted in denying payment on the full amount of Plaintiff's claim after receiving satisfactory proof of loss" and "conducted its loss investigation and claims handling process for Plaintiff in bad faith." (R. Doc. 1 at 5). Defendant filed an Answer and Affirmative Defenses on November 23, 2022. (R. Doc. 16).

On January 23, 2023, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on June 2, 2023. (R. Doc. 21). Neither party sought an

extension of this deadline prior to its expiration. Accordingly, non-expert discovery in this action is now closed.

On April 28, 2023, Defendant served two sets of Interrogatories and Requests for Production on Plaintiff, with the first set of written discovery pertaining solely to alleged roof damage. (*See* R. Doc. 22-2).

On May 8, 2023, Defendant requested dates for a Rule 30(b)(6) deposition. (R. Doc. 22-3). Plaintiff responded that the Rule 30(b)(6) representative would be available on May 31 or June 1 for a deposition by videoconference. (R. Doc. 22-4 at 2). Defendant then sent a Rule 30(b)(6) deposition notice for a deposition to take place on June 1, 2023, the day before the close of discovery. (R. Doc. 22-4 at 1). The Rule 30(b)(6) deposition notice identifies 31 topics for the deposition. (R. Doc. 22-4 at 5).[1] The record indicates that Plaintiff did not serve any objections to the deposition notice.

On May 30, 2023, Defendant sought responses to the outstanding written discovery requests, particularly those pertaining to roof damage, in preparation of the upcoming Rule 30(b)(6) deposition. (R. Doc. 22-5). Plaintiff provided responses that day. (R. Doc. 22-8).

On June 1, 2023, Defendant took the Rule 30(b)(6) deposition of Chris Stant as Plaintiff's corporate representative. (R. Doc. 22-9). Plaintiff represents that "Mr. Stant is the only and the appropriate designated corporate representative for Plaintiff Walker LP." (R. Doc. 25 at 4). Plaintiff further represents that Walker LP "consists of two passive individual investors and Olsen Securities Corporation," of which Mr. Stant is the president and "oversees the management of 36 apartment complexes in the State of Louisiana," including the Property. (R. Doc. 25 at 5).

---

[1] While it is unclear, it appears that Defendant may be seeking an order compelling (in addition to additional testimony) the production of documents in response to the Rule 30(b)(6) deposition notice. The deposition notice does not seek the production of any documents pursuant to Rule 34. Accordingly, the motion is denied to the extent it seeks the production of any documents pursuant to the Rule 30(b)(6) deposition notice.

On June 9, 2023, Defendant filed the instant Motion to Compel. (R. Doc. 22). Defendant specifically seeks an order "compelling Plaintiff to provide complete responses to Defendant's discovery requests (Interrogatories 10, 11, 12, 20, and 22; RFPD 6, 7, 8, and 14) and to designate a corporate representative to properly respond to all of Defendants' 30(b)(6) topics," as well as the issuance of a $2,000 award of reasonable expenses incurred. (R. Doc. 22-1 at 13). In opposition, Plaintiff argues that the Motion to Compel should be denied because Mr. Stant is the only and appropriate corporate representative, Defendant's representations are "misleading and inaccurate," and Defendant made no attempt to confer in good faith regarding the discovery issues first raised in the Motion to Compel. (R. Doc. 25). In reply, Defendant argues that Mr. Stant "was unable to provide information responsive to many of the topics in the notice" and that the requirements of Rule 37 were satisfied because "[d]iscovery deficiencies in written discovery and the 30(b)(6) were discussed at the deposition on June 1, 2023." (R. Doc. 28).

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(1)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 33 or Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id.* "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See, e.g.*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized).

## B.    Analysis

### 1.    Failure to Meet and Confer in Good Faith

The instant Motion to Compel is accompanied by a Rule 37 Conference Certificate stating that Defendant "in good faith attempted to confer with Plaintiff in an effort to obtain the outstanding discovery requests at issue without court action to no avail," and that Defendant has "no choice but to seek this Court's intervention." (R. Doc. 22-12).

As an initial matter, it appears that before or promptly after service of the Rule 30(b)(6) deposition notice, the parties did not, as required, "confer in good faith about the matters of examination." *See* Fed. R. Civ. P. 30(b)(6). This requirement, added in 2020, is designed to minimize later disagreement and court involvement:

> Candid exchanges about the purposes of the deposition and the organization's information structure may clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements. It may be productive also to discuss 'process' issues, such as the timing and location of the deposition, the number of witnesses and the matters on which each witness will testify, and any other issue that might facilitate the efficiency and productivity of the deposition.

Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment; *see also Chauvin v. United Parcel Serv., Inc.*, No. 23-392, 2023 WL 4175100, at *8 (E.D. La. June 26, 2023) ("No longer can a party list overly broad and ambiguous matters for examination out of an abundance of caution; likewise, organizations can no longer designate inadequately prepared witnesses based on their own interpretation of broad or ambiguously worded topics. The new 'confer in good faith' provision requires litigants to confer about the examination topics, and the list of matters for examination may be refined so that the organization may be better able to designate and prepare an appropriate witness or witnesses. This new requirement also enables litigants to address other potential process issues, such as the timing and location of the deposition as well as the number of witnesses and the matters upon which they will testify.").

The duty to confer in good faith under Rule 30(b)(6) is separate from the duty to confer in good faith under Rule 37(a)(1), which provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The record also supports a finding that Defendant – contrary to the assertions in the Rule 37 Conference Certificate – did not meet the requirements of Rule 37(a)(1)**.**

The record indicates that on June 2, 2023 (the day after the Rule 30(b)(6) deposition),
defense counsel sent an email stating the following:

> Chris Stant, the 30(b)(6) representative of Walker LP, was unable to provide
> information or responses to many of the topics in the notice that was provided. He
> did not have any knowledge of the alleged damages to the property which are the
> subject of this litigation. Defendants again request that you identify personnel who
> can adequately respond to the topics previously provided.
>
> If we do not receive a response today, we will file a motion to compel.

(R. Doc. 25-1 at 1). Plaintiff's counsel responded as follows:

> I do not recall Mr. Stant being unresponsive to any of your questions. Please send me
> the deposition excerpts at issue and specify which of the 31 topics he didn't provide
> an answer for. Threatening to file a motion to compel at 4:30pm on a Friday if we
> don't respond today demonstrates a lack of professionalism on your part. You are
> free to file your motion. We look forward to the hearing.

(R. Doc. 25-1 at 1). Defendant relies on the foregoing e-mail exchange as satisfying the
requirements for Rule 37(a)(1). (*See* R. Doc. 22-1 at 12).

In opposing the Motion to Compel, Plaintiff represents that no discovery conference for the
purpose of Rule 37(a)(1) took place. (R. Doc. 25 at 1-4). Plaintiff represents that the foregoing
email exchange was the only correspondence between the parties with respect to the deposition
topics, and that "[d]efense counsel never at any point articulated which deposition topics or answers
were at issue, and never informed Plaintiff's counsel that there as any dispute on Interrogatories 10,
11, 12, 20, and 22 or Requests for Production 6, 7, 8,and 14 before filing the instant motion." (R.
Doc. 25 at 3). Because Defendant did not provide any prior notice of the written discovery dispute
prior to filing the instant motion, Plaintiff seeks sanctions of $3,000 for its counsel's time
responding to the instant "vexatious" Motion to Compel. (R. Doc. 25 at 3-4).

In reply, Defendant asserts that "[d]iscovery deficiencies in written discovery and the
30(b)(6) were discussed at the deposition on June 1, 2023" in full compliance with the plain
language of Rule 37(a)(1), which does not mandate a specific form for the discovery conference or

a specific amount of time for the conference. (R. Doc. 28 at 2). Defendant does not, however, set

forth any representations in support of a finding that (1) the specific interrogatories or requests for

production at issue were discussed at the deposition, (2) any specific deficiencies with respect to the

Rule 30(b)(6) deposition were discussed at the deposition, or (3) that Plaintiff engaged a <u>good faith</u>

attempt to resolve the dispute without court intervention.

To be clear, defense counsel's single attempt through email to obtain a new Rule 30(b)(6)

corporate representative under threat of filing a motion to compel, does not satisfy the requirement

to confer or attempt to confer in good faith. *See Eagle Railcar Servs.-Roscoe, Inc. v. NGL Crude*

*Logistics, LLC*, No. 16-0153, 2018 WL 2317696, at *15 (N.D. Tex. May 22, 2018) (denying motion

to compel Rule 30(b)(6) deposition where counsel left a voicemail and sent an email stating that

they were moving forward with a motion to compel the deposition of a proper corporate

representative); *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, ECF

No. 75 (M.D. La. July 3, 2014) (denying motion to compel where counsel sent single email

demanding that full and complete responses to written discovery be provided by a certain date or a

motion to compel would be filed); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001)

(Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality" and "cannot be satisfied

by including with the motion copies of correspondence that discuss the discovery at issue");

*Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007)

("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense

counsel. . . . For this reason, alone, his Motion should be denied."); *Antonis v. Elecs. for Imaging,*

*Inc.*, No. 07-163, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("[A]s a general principle, simply

reiterating demands for production in a series of emails probably does not meet the requirement that

the parties confer in good faith about discovery issues before invoking judicial remedies.");

*Robinson v. Napolitano*, No. 08-4084, 2009 WL 1586959, at *3 (D.S.D. June 4, 2009) ("Nor is the

meet-and-confer requirement satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests.").

In addition, the Court's scheduling order informed the parties that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." (R. Doc. 21 at 1). Defendant's Rule 37 Conference Certificate does not identify any attempt to hold a conference in person or by telephone between counsel. Defendant's reply memorandum only vaguely references counsel's discussions regarding the discovery disputes at issue at the Rule 30(b)(6) deposition.

The record supports a finding that Defendant did not satisfy the good faith conference requirements set forth under Rule 30(b)(6), Rule 37(a)(1), and this Court's Scheduling Order. That said, given the timing of the instant Motion to Compel, and the need to resolve the instant discovery disputes, the Court will not deny the Motion to Compel in its entirety in light of this failure. *See Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No.20-813, 2021 WL 2006297, at *1 (M.D. La. May 19, 2021) (granting motion to compel, but denying an award of reasonable expenses under Rule 37(a)(5) given that the moving party failed to meet the requirements of Rule 37(a)(1) by making only a single attempt through email to obtain supplemental responses under threat of filing a motion to compel).

### 2.    The Rule 30(b)(6) Deposition

Defendant first seeks an order requiring Plaintiff "to produce for deposition Pam and Joe McCullough and anyone else who is best equipped to respond to the corporate deposition topics." (R. Doc. 22-1 at 5). Defendant broadly argues that the Mr. Stant "was unable to provide information responsive to many of the topics in the notice that was provided," noting that he testified that his

last visit to the property at issue was in 2019 (two calendar years prior to when Hurricane Ida made

landfall on August 29, 2021) and that with respect to alleged damages to the Property, he relied on

the estimates of Maxie Industries, Inc., an adjuster hired by Plaintiff's counsel. (R. Doc. 22-1 at 2-

3).[2] Defendant also argues that Mr. Stant's responses to Deposition Topic No. 30 were insufficient

given that he could not identify any records of "requests and complaints of tenants at the property

since 2018," stating the person with that knowledge was the property manager Pam McCullough.

(R. Doc. 22-1 at 3-4). Similarly, Defendant argues that Mr. Stant's responses to Deposition Topic

Nos. 16 and 18 regarding "maintenance" were insufficient given that Mr. Stant "deferred all

maintenance issues to Joe McCullough," who provides general maintenance at the Property. (R.

Doc 22-1 at 4-5).

There is no dispute that Plaintiff, through counsel, hired Mike Maxie of Maxie Industries,

Inc. (collectively, "Maxie") as an adjuster to create a storm damage assessment report on October 7,

2021, which was provided to Defendant. (*See* R. Doc. 25 at 5). It further appears that there is no

dispute that Plaintiff will designate Maxie as an expert. (*See* R. Doc. 25 at 6; R. Doc. 28 at 3).

Accordingly, Defendant will have the opportunity to depose Maxie prior to the October 6, 2023

deadline to complete expert discovery. (*See* R. Doc. 21).

While Defendant initially only identified the topics at issue as Topic Nos. 16, 18, and 30, its

reply memorandum suggests that the following topics, which pertain to damages, are also at issue:

Topic Nos. 8, 9, 10, 14, 15, 17, 20, 22, 23, 26, 27, 28, 29, and 31. (*See* R. Doc. 28 at 3). Defendant

does not, however, provide any specifics regarding questioning at the deposition regarding these

particular topics and Mr. Stant's failure to provide adequate responses. At most, Defendant asserts

the following was obtained regarding damages: (1) Mr. Stant never spoke directly to Maxie

regarding "what needs to be fixed at the property," (2) "When Mr. Stant was asked about the

---

[2] Defendant does not specify the deposition topics at issue with respect to Mr. Stant's deferral to the Maxie estimate.

specifics of Plaintiff's claim, he said he would defer to the Maxie estimate," (3) Olsen Securities, which appears to be Plaintiff's corporate owner, hired Plaintiff's counsel, who subsequently hired Maxie, to determine whether any of its properties (including the Property at issue) sustained any damage, (4) Mr. Stant was not present when Maxie inspected the Property, and (5) Mr. Stant referred to the Maxie estimate when asked to identify units on the Property that allegedly sustained damage. (R. Doc. 22-1 at 2-3).

It is unclear what prejudice Defendant will suffer given Plaintiff's reliance on Maxie's report for the purposes of Rule 30(b)(6) deposition topics related to damages at the Property. Defendant is in possession of the report and will have an opportunity to depose Maxie. Granted, it may have been appropriate for Plaintiff to have designated Mr. Maxie as a corporate representative with respect to certain topics regarding property damage. *See Canyon Furniture Co. v. Rueda Sanchez*, No. 18-00753, 2018 WL 6265041, at *15 (W.D. Tex. Nov. 8, 2018) ("If appropriate, a corporation may designate a non-employee as its corporate representative for the purposes of a Rule 30(b)(6) deposition, including a former employee or agent."). But given that Plaintiff has already testified that it defers to Maxie with respect to <u>factual</u> information regarding the property damage, then the expert deposition of Maxie should be sufficient to elicit that information. *See* id. at *16 (denying motion to compel additional Rule 30(b)(6) deposition where the corporate defendant was unprepared because there was no evidence of substantive prejudice to Plaintiff in light of the agreement to be bound by the testimony of non-employees with the appropriate knowledge).

That the Court will not require Plaintiff to designate a new Rule 30(b)(6) corporate representative on the issue of damages does not leave Defendant without any remedies. Mr. Stant's testimony, as a Rule 30(b)(6) representative, is binding on Walker LP. Mr. Stant had a duty to "testify as to matters known or reasonably available to the organization." *See* Fed. R. Civ. P. 30(b)(6); *see Brazos River Authority*, 469 F.3d at 433. Accordingly, if Plaintiff attempts to present

evidence that is contrary to its representations made through Mr. Stant at the Rule 30(b)(6)

deposition (and to which Plaintiff did not agree it would be bound by Maxie's deposition

testimony), then Defendant will have the opportunity to move for that evidence to be excluded. *See*

*Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 306-0271, 2007 WL

4410370, at *8 (N.D. Tex. Dec. 14, 2007) (excluding declaration submitted by corporate

representative and present in support of motion for summary judgment in support calculation of

damages where the corporate representative and president stated at Rule 30(b)(6) deposition that he

could not quantify the damages sought).

Similarly, Defendant has not directed the Court to anything specifically deficient with

respect to Mr. Stant's responses to Topic Nos. 16 or 18, which are as follows:

> 16) The cost of any repair, renovation, construction, work, remodel, renovation, or
> maintenance of the property from 2018 to present[; and]
>
> 18) Any information related to the roof on each building of the property including,
> but not limited to, the age of each roof, any repairs, maintenance, or work done to
> any roof in the past 10 years, any and all claims for roof damage or leaks to any roof
> on the property for the past 10 years, and all photos of the roof or any part thereof for
> the past 10 years.

(R. Doc. 22-4 at 9-10). Defendant represents that "Mr. Stant deferred all maintenance issues to Joe

McCullough, the 'maintenance man.'" (R. Doc. 22-1 at 4). Mr. Stant represented that he did not

know what repairs Mr. McCullough had done since the Hurricane. (R. Doc. 22-9 at 32). Mr. Stant

also testified that "there may be invoices from Joe McCullough on general maintenance" but he did

not "know how far back we keep invoices," including for HVAC and similar work. (R. Doc. 22-9 at

48). Importantly, Mr. Stant also testified that Joe McCullough did not do any roof repairs or

electrical work, just repairs involving things like minor plumbing leaks and drywall. (R. Doc. 22-9

at 17-18). The Court has not located any testimony by Mr. Stant in which he "deferred all

maintenance issues to Joe McCullough." Accordingly, the Court finds Mr. Stant's answers to be

sufficient for the purposes of Topic Nos. 16 and 18.

Defendant more specifically, however, identifies Mr. Stant's inability to provide any appropriate responses with respect to deposition Topic No. 30 ("Requests and complaints of tenants at the Property since 2018"). (R. Doc. 22-4 at 9-10; *see* R. Doc. 22-1 at 3-5). When questioned about "complaints or requests related to the roof" at the Property, Mr. Stant answered "I don't know factual – I don't know any factual statements on that. I would have to ask Pam McCullough if there have been any complaints to her." (R. Doc. 22-9 at 57). "Where corporate designees are not prepared to testify on the topics about which they are to be questioned, it is appropriate that the court order the corporation to re-designate witnesses and mandate their preparation for the renewed deposition." *Glob. Energy Servs., Inc. v. US Applicators, LLC*, No. 18-512, 2020 WL 1466221, at *5 (M.D. La. Mar. 26, 2020)(citation omitted). Accordingly, the Court will allow a re-opened deposition to proceed – with either Mr. Stant or Ms. McCullough designated as the corporate representative – for the purposes of questioning limited solely to Topic No. 30. If Plaintiff again designates Mr. Stant for the purposes of this re-deposition, it must properly educate him on the topic at issue prior to the deposition.

### 3.    Defendant's Interrogatories and Requests for Production

In summarizing its arguments in support of its Motion to Compel, Defendant seeks an order "compelling Plaintiff to provide complete responses to Defendant's discovery requests (Interrogatories 10, 11, 12, 20, and 22; [Requests for the Production of Documents] 6, 7, 8, and 14." (R. Doc. 22-1 at 13).

Defendant begins its motion by asking the Court to strike the following objection by Plaintiff to Interrogatory Nos. 1-4, 6-8, 10-15, 17-18, and 20-21: "Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ. P. 26." (R. Doc. 22-1 at 5). Defendant only discusses with any specificity, however, Interrogatory Nos. 10, 11, 12, 20, and 22 and Requests for Production

Nos. 6, 7, 8, and 14. The Court will limit its discussion to the written discovery responses actually discussed in support of the Motion to Compel.

Local Rule 37 requires a motion addressing discovery propounded under Rules 33 and 34 to "quote verbatim" each interrogatory and requests for production to be addressed, followed immediately by the "verbatim response or objection" at issue. LR 37. Defendant only complied with Local Rule 37 with respect to Interrogatory No. 22 and Requests for Production Nos. 6 and 8. Nevertheless, the Court will consider the merits of Defendant's arguments regarding the remaining interrogatories and requests for production for which Defendant presents specific analysis.[3]

Plaintiff represents that "[h]ad Plaintiff's counsel known of Defendant's issues with its responses to Interrogatories 10, 11, 12, 20, and 22 or Requests for Production 6, 7, 8, and 14 prior to filing this motion, Plaintiff would have timely responses and/or supplemented." (R. Doc. 25 at 7). Plaintiff does not raise any substantive arguments in response to Defendant's motion regarding these written discovery requests. Accordingly, the Court finds it appropriate to consider these discovery requests (notwithstanding the failure to meet and confer).

### a.   Interrogatory No. 10

Interrogatory No. 10, and the corresponding answer, are as follows:

**INTERROGATORY NO. 10:**
Please identify any person(s) who were present at the Property on October 7, 2021, or October 10, 2021, when the adjuster(s) and/or the engineer retained by the Insurers conducted an inspection of the Property.

**ANSWER:**
Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ P. 26. Plaintiff further objects that the interrogatory is vague and improper as written.

---

[3] Defendant suggests that it is entitled to any award of fees in light of the "tedious task of identifying and outlining all discovery requests that are insufficient and identifying deposition testimony citations to support the motion." (R. Doc. 22-1 at 13). Again, Defendant did not comply with Local Rule 37 with respect to all of the interrogatories and requests for production at issue but wants the Court to provide relief for each such item. The Court will not award fees where the moving party shifts the burden of specifically addressing each disputed item to the Court rather than comply with Local Rule 37. Any relief with respect to other written discovery requests not specifically discussed in support of the Motion to Compel is denied.

Plaintiff objects to the extent this interrogatory seeks information and communications protected by the attorney client privilege and/or work product privilege. Plaintiffs further object to this interrogatory as it requests information that is unreasonably cumulative or duplicative and already in Defendant's possession.

(R. Doc. 22-8 at 5-6).

Plaintiff's objections are overruled. The interrogatory seeks the identity of individuals present at the site inspections. This is factual information that is not protected by the asserted privilege or immunity. The interrogatory otherwise seeks information within the scope of discovery. Plaintiff must provide a written supplemental response answering this interrogatory in full.

### b.    Interrogatory No. 11 and No. 12

Interrogatory No. 11, and the corresponding answer, are as follows:

**<u>INTERROGATORY NO. 11:</u>**
Please identify any and all repairs, upgrades, or remodels related to your claim for damage at the Property that have been completed since August 29, 2021, or that are currently in progress. In so answering, please indicate whether the repair has been completed or the percentage/portion of the repair that had been completed.

**<u>ANSWER:</u>**
Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ P. 26. Plaintiff further objects that the interrogatory is ambiguous, vague, and improper as written. Without waiving the foregoing objections, see Walker LP_Country Village_000646-647, 724-725.

(R. Doc. 22-8 at 6).

Interrogatory No. 12, and the corresponding answer, are as follows:

**<u>INTERROGATORY NO. 12:</u>**
For any repairs that were completed or are in the process of being completed after Hurricane Ida, please identify the work performed, when it was performed, the name and specialty of each contractor who performed/is performing the repairs, whether the work has been completed/the date of completion, and the contract/repair/invoice amount associated with the repairs.

**<u>ANSWER:</u>**
Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ P. 26. Plaintiff further objects that the interrogatory is ambiguous, vague, and improper

as written. Without waiving the foregoing objections, see Walker LP_Country
Village_000646-647, 724-725.

(R. Doc. 22-8 at 6).

Plaintiff's objections are overruled. The interrogatories seek information regarding repairs to

the Property, which falls within the scope of discovery. The interrogatories are not otherwise

ambiguous, vague, or improper as written.

Plaintiff responded by directing Defendant to a 4-page production, which Defendant has

attached to its Motion to Compel. (*See* R. Doc. 22-10 at 4-7). These documents consist of invoices

for stump grinding/tree removal ($5,200), tree/debris removal ($925), and roof repairs to two

buildings on the Property ($2,600). Plaintiff argues that these responses are insufficient because

there is no indication whether these repairs are complete.

A party may respond to an interrogatory by producing business records "if the burden of

deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P.

33(d). Here, the business records produced only identify three separate invoices related to repairs.

The invoices do not identify whether, and to what extent, the repairs have been completed. Given

the foregoing, the Court will require Plaintiff to provide a supplemental responses, in full and in

writing, to Interrogatory Nos. 11 and 12.

### c.    Interrogatory No. 20

Interrogatory No. 20, and the corresponding answer, are as follows:

**<u>INTERROGATORY NO. 20:</u>**
Please state whether there were any types of property inspections and/or appraisals of
the Property that occurred in the last five (5) years, prior to or after the date of the loss
claimed in this lawsuit. If answered in the affirmative, please identify each person
and/or entity that inspected the property, including their complete address and
telephone number, and provide a general description of the purpose of the inspection
and/or appraisal.

**ANSWER:**
Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ P. 26. Plaintiff further objects that the interrogatory is ambiguous, vague, and improper as written. Without waiving the foregoing objections, Plaintiff may supplement this response.

(R. Doc. 22-8 at 10).

Plaintiff's objections are overruled. The interrogatory seeks information regarding prior property inspections and/or appraisals in the past 5 years and the identity of those performing the inspection or appraisal. The interrogatory seeks information regarding the condition of the property as well as any alleged damages and is within the scope of discovery. There is no indication in the record that Plaintiff supplemented the response. Plaintiff must provide a written supplemental response answering this interrogatory in full.

### d.    Interrogatory No. 22

Interrogatory No. 22, and the corresponding answer, are as follows:

**INTERROGATORY NO. 22:**
If Hurricane Ida weather event caused the Property or a portion thereof to be closed for any period of time after the hurricane or caused any residents to be displaced after the hurricane, please identify the length of time that the Property or portion thereof remained closed or persons were displaced, the number of residents who were replaced, the number of apartments or units that were closed or uninhabitable, and the reason that the apartments/units remained closed or persons were displaced, whether due to power loss, repairs, damage, or any other reason.

**ANSWER:**
Plaintiff objects to this interrogatory as it requests information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ P. 26. Plaintiff further objects that the interrogatory is ambiguous, vague, and improper as written. Without waiving the foregoing objections, Plaintiff will supplement this response.

(R. Doc. 22-8 at 11).

Plaintiff's objections are overruled. The interrogatory seeks information relevant to Plaintiff's claim for loss of business income. The interrogatory seeks information regarding the alleged damages within the scope of discovery. There is no indication in the record that Plaintiff

supplemented the response. Plaintiff must provide a written supplemental response answering this

interrogatory in full.

### e.    Request for Production No. 6

Request for Production No. 6, and the corresponding response, are as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
Please produce any and all documents related to any repairs, remodeling, updates,
purchases, or restoration performed at the Property in the past ten (10) years,
including, but not limited to, receipts, invoices, estimates, contracts, agreements,
subcontracts, blueprints, bids, proposals, statements, and canceled checks. This
request includes documents related to work done or anticipated after Hurricane Ida.

**RESPONSE:**
See Walker LP_Country Village_000646-000647, 000724-000725.

(R. Doc. 22-8 at 14).

Plaintiff did not object to this request for production. As discussed above, the documents

produced consist of invoices for stump grinding/tree removal ($5,200), tree/debris removal ($925),

and roof repairs to two buildings on the Property ($2,600). (*See* R. Doc. 22-10 at 4-7). Plaintiff

makes no attempt in its opposition to clarify whether the response provided satisfied the request for

production in full. Accordingly, Plaintiff shall produce any additional documents responsive to this

document request that are in its possession, custody, or control. Plaintiff can alternatively certify

that it does not have any additional responsive materials in its possession, custody, or control.

### f.    Request for Production No. 7

Request for Production No. 7, and the corresponding response, are as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
Please produce any documents related to any maintenance performed at the Property in
the past ten (10) years, including, but not limited to any receipts, invoices, estimates,
contracts, agreements,  subcontracts, blueprints, bids, proposals, statements, and
canceled checks.

**RESPONSE:**
Plaintiff objects to this request as it seeks information outside of the permissible scope
of discovery and exceeds the limitations set forth in Fed. R. Civ. P.  26. Plaintiff

further objects to this request as it is not reasonably limited in scope and is overly-broad and unduly burdensome. Without waiving the foregoing, documents in Plaintiff's possession are being provided herewith.

(R. Doc. 22-8 at 14).

Defendant represents that Plaintiff "produced 938 pages on May 30, 2023, and did not identify which pages are responsive to this request." (R. Doc. 22-1 at 9). Defendant now requests that Plaintiff supplement this response by "identifying those documents that are responsive to this request." (R. Doc. 22-1 at 9).

Having considered the record, the Court will require Plaintiff to identify which portions of the 938 page production (if not all of it) is in response to Request for Production No. 7. Plaintiff must also identify for Defendant whether "any responsive materials are being withheld" on the basis of the raised objections. *See* Fed. R. Civ. P. 34(b)(2)(C).

### g.    Request for Production No. 8

Request for Production No. 8, and the corresponding response, are as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
Please produce any and all photographs, videos, or other illustrative representations of the Property taken by you, any of your representatives or employees or owners, or anyone present on the Property following Hurricane Ida. Specific request is made for photos or videos that show any claimed damage or the condition of the Property following Hurricane Ida and any repairs made or being made to the Property.

**RESPONSE:**
Plaintiff objects to this request as it seeks information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ. P. 26. Plaintiff objects to this request on the grounds that it seeks documents that are already in Defendant's possession. Plaintiff objects to this request to the extent it seeks documents that are not in Plaintiff's care, custody and control. Plaintiff objects to this request as it is not reasonably limited in time or scope, and is overly-broad, ambiguous, vague, and improper as written. Without waiving the foregoing, see Walker_LP_Country Village_000292-000323, 000333-000351, 000361-000389, 000399-000415, 000426-000439, 000449-000465, 000476-000486, 000497-000510, 000521-000552, 000563-000574, 000589-000617, 000629-000641.

(R. Doc. 22-8 at 14-15).

Defendant represents that Plaintiff's response "referred to photos included in the PA's estimate," noting "for the record that Plaintiff did not produce any photos taken by employees, tenants, or others after the storm." (R. Doc. 22-1 at 9). Rather than seek clarification, Defendant states that it will "assume that no such other photos or videos exist and will object to any use of any additional photos or videos not produced in compliance with this request unless Plaintiff timely supplements this request." (R. Doc. 22-1 at 9).

A party may seek documents from any other party that are in the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Plaintiff need not produce photographs and videos that are not in its possession, custody, or control, including those by "anyone present on the Property following Hurricane Ida" such as tenants and employees not acting in the course and scope of their employment. For clarification, Plaintiff shall certify that it has produced all responsive documents in its possession, custody, or control. For any responsive documents in its possession, custody, or control that have been withheld, Plaintiff must also identify for Defendant the withheld materials and objection forming the basis for withholding those materials. *See* Fed. R. Civ. P. 34(b)(2)(C).

### h.    Request for Production No. 14

Request for Production No. 14, and the corresponding response, are as follows:

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**</u>
Please provide any and all claimed business interruptions/business income loss calculation(s) which have been prepared to form the basis of any claims for damages due to Hurricane Ida and any documents that support a business interruption/business income loss or claim.

<u>**RESPONSE:**</u>
See response and objections to Request No. 12 [Plaintiff objects to this request as it seeks information outside of the permissible scope of discovery and exceeds the limitations set forth in Fed. R. Civ. P. 26. Plaintiff objects to this request as it is not reasonably limited in time or scope, and is overly-broad, ambiguous, and vague. Without waiving the foregoing, see Walker LP_Country Village_000643-000645, 000648-000723, 000726-000938.]

(R. Doc. 22-8 at 15).

One of the documents referenced in Plaintiff's response is correspondence from Plaintiff's counsel requesting 6 months advance of lost rents for 16 different properties, including $174,252 with respect to the Property at issue. (*See* R. Doc. 22-10 at 1-2). Defendant does not explain what was contained in the other produced documents. Instead, Defendant argues that Mr. Stant (as corporate representative for Plaintiff's Rule 30(b)(6) deposition) could not provide any information about Plaintiff's claims for $379,000 for loss of business income, stating that he did not believe that Plaintiff "lost tenants" and that he did not believe that Plaintiff suffered "any business income loss as a result of Hurricane Ida" (R. Doc. 22-1 at 10-11; *see* R. Doc. 22-9 at 28-29). Given that Plaintiff has not produced "any documents evidencing its claimed business income loss," Defendant now seeks Plaintiff to "be ordered to respond fully to this request with all calculations of lost business income and all documents that show a loss of business income, or alternatively to withdraw the loss of business claim." (R. Doc. 22-1 at 11).

The instant document request seeks the production of any calculations and documents evidencing Plaintiff's claim of business income loss. Plaintiff's objections based on the scope of discovery, overbreadth, ambiguousness, and vagueness are overruled. Given Mr. Stant's deposition testimony, which is binding on Plaintiff, it is unclear whether Plaintiff has withheld any responsive materials based on its objections. Plaintiff must produce a full response to this request for production, without further objections, and produce any responsive documents. To be clear, the Court is not ordering Plaintiff to create any documents (or calculations) for the purposes of responding to this request for production. Plaintiff can alternatively certify that it does not have any additional responsive materials in its possession, custody, or control.[4]

---

[4] The Court will not order Plaintiff to withdraw its loss of business income claim. If Plaintiff has not presented any evidence in support of its claim, Defendant can seek appropriate relief under Rule 56 of the Federal Rules of Civil Procedure.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 22) is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that within **14 days** of the date of this Order, or as otherwise agreed upon by the parties, Plaintiff must appear for a second Rule 30(b)(6) deposition limited to Topic No. 30 in the deposition notice. The deposition shall not exceed 1 hour.

**IT IS FURTHER ORDERED** that within **14 days** of the date of this Order, or as otherwise agreed upon by the parties, Plaintiff shall provide supplemental responses to Interrogatory Nos. 10, 11, 12, 20, and 22 and Requests for Production Nos. 6, 7, 8, and 14 as detailed in the body of this Order.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 19, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE